**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4856**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM R. WHYTE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:12-cr-00021-JLK-2)

Submitted:  May 24, 2017                           Decided:  June 1, 2017

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Justin M. Lugar, Monica T. Monday, Thomas J. Bondurant, Jr., Jennifer S. DeGraw, GENTRY LOCKE, Roanoke, Virginia, for Appellant.  Rick A. Mountcastle, Acting United States Attorney, Heather Carlton, Assistant United States Attorney, Charlottesville, Virginia; Kenneth A. Blanco, Acting Assistant Attorney General, Trevor N. McFadden, Acting Principle Deputy Attorney General, Ellen R. Meltzer, Caitlin R. Cottingham, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2012, William R. Whyte and his company, Armet Armored Vehicles, Inc. ("Armet"), were indicted on various fraud charges relating to defense contracts they entered into with the United States. A few months later, in October 2012, a former Armet employee commenced a qui tam action against Whyte and Armet concerning the same conduct alleged in the indictment. The United States declined to intervene in the civil proceeding, and Whyte and Armet were ultimately found not liable by a jury in June 2015.

In October 2016, Whyte moved to dismiss the indictment on the ground that his criminal prosecution was barred by collateral estoppel. The district court denied the motion, and Whyte noted an appeal from the denial order. We conclude that the district court's order is not an appealable collateral order, and we therefore dismiss for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). For an order to be an appealable collateral order, it "must [(1)] conclusively determine the disputed question, [(2)] resolve an important issue completely separate from the merits of the action, and [(3)] be effectively unreviewable on appeal from a final judgment." *Cobra Natural Res., LLC v. Fed. Mine Safety & Health Review Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014) (internal brackets and quotation marks omitted). Where "the essence of the claimed right is a right not to stand trial"—i.e., an immunity from suit—the claim is immediately reviewable. *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 214 (4th Cir. 2012) (en banc)

2

(internal quotation marks omitted). "By contrast, if the right at issue is . . . a defense to liability[,] then the right can be vindicated just as readily on appeal from the final judgment, and the collateral order doctrine does not apply." *Id.* (internal quotation marks omitted).

Whyte's collateral estoppel claim is a defense to criminal liability, and thus is ineligible for immediate review. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994). Although Whyte attempts to shoehorn his claim into the rule permitting interlocutory appeals of "pretrial orders rejecting claims of former jeopardy," *Abney v. United States*, 431 U.S. 651, 662 (1977), Whyte never faced a prior prosecution for the charges he seeks to preclude. Without first being placed in jeopardy, he cannot colorably claim to suffer double jeopardy. *See Serfass v. United States*, 420 U.S. 377, 393 (1975) (acknowledging "the fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy").

Accordingly, we dismiss the appeal for lack of jurisdiction. We deny as moot Whyte's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*